IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
PALM BEACH DIVISION

CASE NO.:

Hon.

ANTONINA DITOMASSO, individually and as
Personal Representative of the Estate of FELICE
DITOMASSO,

        Plaintiff,

vs.

UNITED STATES OF AMERICA,

        Defendant.
_____/

# COMPLAINT

**COMES NOW** Plaintiff, **ANTONINA DITOMASSO, individually and as Personal Representative of the Estate of FELICE DITOMASSO ("PLAINTIFF")**, by and through the undersigned counsel, and hereby sues **UNITED STATES OF AMERICA ("DEFENDANT")**, and alleges as follows:

### PARTIES, JURISDICTION AND VENUE

1. At all times material hereto, Plaintiff, ANTONINA DITOMASSO, is sui juris and a resident of Palm Beach County, Florida.

2. Plaintiff, ANTONINA DITOMASSO, has been duly appointed, qualified, and is acting as Personal Representative of the Estate of FELICE DITOMASSO, and is the proper party to bring this lawsuit on behalf of the Estate, pursuant to Florida Statutes Sections 768.16-768.26.

3. At all times material hereto, FELICE DITOMASSO was a resident of Palm Beach County, Florida.

4. Defendant, UNITED STATES OF AMERICA, is the proper Defendant in this action because this action is brought under the Federal Tort Claims Act (FTCA).

5. This Court has subject matter jurisdiction over this action pursuant to the FTCA, 28 U.S.C. §§ 1346(b) and 2671-2680, as this action involves claims against the United States for personal injury and wrongful death caused by the negligent acts of an employee of the Department of Veterans Affairs, a federal agency, while acting within his scope of employment.

6. This is an action for damages in excess of seventy-five thousand dollars ($75,000), exclusive of interest, costs, and attorneys' fees.

7. This Court has personal jurisdiction over the UNITED STATES OF AMERICA as the Defendant in an action brought under the FTCA.

8. Venue is proper in this district under 28 U.S.C. §1402(b), as the events and omissions giving rise to this claim occurred within this judicial district.

## FACTS

9. At all times material hereto, FELICE and ANTONINA DITOMASSO were ninety (90) years old and had been married for over fifty (50) years.

10. FELICE DITOMASSO had a doctor's appointment at the West Palm Beach VA Medical Center scheduled for May 24, 2022 at 11 a.m.

11. ANTONINA DITOMASSO called the Department of Veterans Affairs to arrange for a transportation service to the Medical Center.

12. According to the transportation service arrangement, a driver from the Department of Veterans Affairs was supposed to pick up FELICE and ANTONINA DITOMASSO at 9:45 a.m.

13. At around 9:45 a.m., ANTONINA DITOMASSO received a call from JAVIER LOZANO, an employee of the Department of Veterans Affairs working for Vet Ride, Inc., stating that he was running late.

## INCIDENT SHOWING NEGLIGENCE

14. On May 24, 2022, at approximately 11:00 a.m., JAVIER LOZANO picked up FELICE and ANTONINA DITOMASSO from their residence to transport them to a scheduled doctor's appointment at the West Palm Beach VA Medical Center.

15. When he arrived, JAVIER LOZANO looked shabby.

16. JAVIER LOZANO helped FELICE DITOMASSO get in the vehicle, as the latter was unable to walk and was on an electric scooter.

17. JAVIER LOZANO failed to secure FELICE DITOMASSO's seatbelt before commencing the route.

18. ANTONINA DITOMASSO advised JAVIER LOZANO that FELICE DITOMASSO was not properly fastened and asked him to wait while she got up to buckle up her husband.

19. JAVIER LOZANO ignored her request and began driving at the same time as ANTONINA DITOMASSO was getting up from her seat.

20. Despite seeing ANTONINA DITOMASSO get up from her seat, JAVIER LOZANO failed to slow down or stop the vehicle. Instead, he began driving erratically and at high speeds.

21. As a result of JAVIER LOZANO's erratic driving, ANTONINA DITOMASSO was caused to lose her balance and be violently thrown to the ground, sustaining severe injuries.

22. As a result of being violently thrown to the ground, ANTONINA DITOMASSO began screaming in pain.

23. Unable to assist ANTONINA DITOMASSO, FELICE DITOMASSO yelled for JAVIER LOZANO to stop the vehicle and begged him to help his wife.

24. In response, JAVIER LOZANO continued to ignore the pleas for help, refused to slow down or stop the vehicle, and instead responded by stating "you'll be fine."

25. FELICE DITOMASSO requested that JAVIER LOZANO take his wife to the Emergency Room at Boca Regional Hospital, which was approximately four (4) miles from where they were located.

26. However, once more, JAVIER LOZANO ignored the request, and instead, continued to speed and drive erratically to the VA Emergency Room, which was over forty (40) minutes away.

27. During these forty (40) minutes, FELICE DITOMASSO sat helplessly witnessing ANTONINA DITOMASSO scream in pain and bleed.

28. Upon arrival at the VA Emergency Room, JAVIER LOZANO dropped ANTONINA DITOMASSO off at the entrance and told the VA staff to take her in because he was running late for another call.

29. Additionally, JAVIER LOZANO left FELICE DITOMASSO outside of the hospital in his wheelchair and drove away.

30. As a result of JAVIER LOZANO's negligence, ANTONINA DITOMASSO sustained severe injuries, including multiple lacerations and a right femur fracture that required emergency open reduction internal fixation (ORIF) surgery on May 27, 2022.

31. ANTONINA DITOMASSO suffered physical, emotional, and psychological trauma for which she continues to receive medical treatment.

32. ANTONINA DITOMASSO now requires a cane, walker, and wheelchair for mobility and is unable to take care of herself.

33. FELICE DITOMASSO suffered severe emotional distress from witnessing his wife's injuries and being unable to help her.

34. FELICE DITOMASSO fell into a deep depression following this incident and died on June 20, 2022.

## COMPLIANCE WITH PRE-SUIT REQUIREMENTS

35. On May 9, 2024, Plaintiff filed an administrative claim with the Department of Veterans Affairs, pursuant to the FTCA, seeking compensation for the injuries sustained as a result of this incident.

36. On March 3, 2025, the Department of Veterans Affairs sent the undersigned a letter, via certified mail, denying Plaintiff's administrative claim and instructing that a lawsuit must be initiated within six (6) months of receiving the letter.

## COUNT I
## NEGLIGENCE

37. Plaintiff re-alleges and incorporates by reference paragraphs 1-36 as if fully set forth herein.

38. Defendant, through its employee, JAVIER LOZANO, owed a duty of care to FELICE and ANTONINA DITOMASSO.

39. As a transportation service provider for elderly and vulnerable patients, Defendant, through its employee, JAVIER LOZANO, had a duty to transport FELICE and ANTONINA

DITOMASSO safely, including properly securing them in the vehicle, driving carefully, and responding appropriately to medical emergencies.

40. Defendant, through its employee, JAVIER LOZANO, breached its duty of care to FELICE and ANTONINA DITOMASSO by:

    a. Failing to secure FELICE DITOMASSO's seatbelt before driving;

    b. Driving erratically when ANTONINA DITOMASSO attempted to secure FELICE DITOMASSO's seatbelt;

    c. Ignoring requests to stop or slow down when ANTONINA DITOMASSO fell and was injured;

    d. Refusing to take ANTONINA DITOMASSO to a nearby hospital; and

    e. Abandoning FELICE DITOMASSO outside the VA facility.

41. As a direct and proximate result of Defendant's breach of duty, ANTONINA DITOMASSO suffered severe bodily injuries, including a right femur fracture requiring emergency surgery; pain and suffering; disability; disfigurement; mental anguish; emotional and psychological trauma; loss of capacity for the enjoyment of life; medical expenses; loss of her husband's companionship, protection and support; lost earning, and other damages. These losses are either permanent or continuing and ANTONINA DITOMASSO will suffer them in the future.

**WHEREFORE**, Plaintiff, **ANTONINA DITOMASSO, individually**, demands judgment against the Defendant for damages, including but not limited to, severe bodily injuries, emergency surgery, pain and suffering, disability, disfigurement, mental anguish, emotional and psychological trauma, loss of capacity for the enjoyment of life, medical expenses, loss of her husband's companionship, protection and support, lost earning, and other damages, and any other

relief this Honorable Court deems just and proper. Plaintiff hereby demands trial by jury on all claims so triable in this action.

## COUNT II
## GROSS NEGLIGENCE

42. Plaintiff re-alleges and incorporates by reference paragraphs 1-36 as if fully set forth herein.

43. Defendant, through its employee, JAVIER LOZANO, owed a duty of care to FELICE and ANTONINA DITOMASSO to safely transport them from their residence to the VA Medical Center.

44. Defendant, through its employee, JAVIER LOZANO, engaged in conduct that was so reckless or wanting in care that it constituted a conscious disregard or indifference to the life, safety, or rights of persons exposed to such conduct.

45. The circumstances of transporting elderly patients created a clear and present danger requiring extra care.

46. Defendant, through its employee, JAVIER LOZANO, was aware of this danger as evidenced by ANTONINA DITOMASSO's explicit request to secure FELICE DITOMASSO's seatbelt and her subsequent fall.

47. Despite this awareness, Defendant, through its employee, JAVIER LOZANO, consciously disregarded the consequences by:

    a. Continuing to drive erratically;

    b. Refusing to stop or slow down when ANTONINA DITOMASSO fell and was injured;

    c. Ignoring requests to take ANTONINA DITOMASSO to a nearby hospital; and

    d. Abandoning FELICE DITOMASSO outside of the VA facility.

48. As a direct and proximate result of Defendant's gross negligence, ANTONINA DITOMASSO suffered severe bodily injuries, including a right femur fracture requiring emergency surgery; pain and suffering; disability; disfigurement; mental anguish; emotional and psychological trauma; loss of capacity for the enjoyment of life; medical expenses; loss of her husband's companionship, protection and support; lost earning, and other damages. These losses are either permanent or continuing and ANTONINA DITOMASSO will suffer them in the future.

**WHEREFORE**, Plaintiff, **ANTONINA DITOMASSO, individually**, demands judgment against the Defendant for damages, including but not limited to, severe bodily injuries, emergency surgery, pain and suffering, disability, disfigurement, mental anguish, emotional and psychological trauma, loss of capacity for the enjoyment of life, medical expenses, loss of her husband's companionship, protection and support, lost earning, and other damages, and any other relief this Honorable Court deems just and proper. Plaintiff hereby demands trial by jury on all claims so triable in this action.

## COUNT III
## NEGLIGENT HIRING

49. Plaintiff re-alleges and incorporates by reference paragraphs 1-36 as if fully set forth herein.

50. Defendant had a duty to exercise reasonable care in the hiring of its employees, including JAVIER LOZANO.

51. Defendant breached this duty by failing to:

   a. Conduct a proper investigation into JAVIER LOZANO's background;

   b. Secure JAVIER LOZANO's driving records from the Florida Highway Safety and Motor Vehicles Department; and

    c. Ensure that JAVIER LOZANO had the necessary qualification and competence to perform the job.

52. Defendant knew or should have known that JAVIER LOZANO was unfit for the position of transporting elderly and vulnerable patients.

53. Had Defendant conducted a proper investigation into JAVIER LOZANO's background and driving history, it would have discovered his unsuitability for the job.

54. As a direct and proximate result of Defendant hiring JAVIER LOZANO, ANTONINA DITOMASSO suffered severe bodily injuries, including a right femur fracture requiring emergency surgery; pain and suffering; disability; disfigurement; mental anguish; emotional and psychological trauma; loss of capacity for the enjoyment of life; medical expenses; loss of her husband's companionship, protection and support; lost earning, and other damages. These losses are either permanent or continuing and ANTONINA DITOMASSO will suffer them in the future.

**WHEREFORE**, Plaintiff, **ANTONINA DITOMASSO, individually**, demands judgment against the Defendant for damages, including but not limited to, severe bodily injuries, emergency surgery, pain and suffering, disability, disfigurement, mental anguish, emotional and psychological trauma, loss of capacity for the enjoyment of life, medical expenses, loss of her husband's companionship, protection and support, lost earning, and other damages, and any other relief this Honorable Court deems just and proper. Plaintiff hereby demands trial by jury on all claims so triable in this action.

## COUNT IV
## NEGLIGENT TRAINING

55. Plaintiff re-alleges and incorporates by reference paragraphs 1-36 as if fully set forth herein.

56. Defendant had a duty to exercise reasonable care in the training of its employees, including JAVIER LOZANO.

57. Defendant breached this duty by failing to:

   a. Train JAVIER LOZANO in proper patient transportation procedures;

   b. Train JAVIER LOZANO to safely operate a vehicle by driving cautiously and adhering to the speed limit;

   c. Train JAVIER LOZANO to properly secure patients with seatbelts before commencing transportation;

   d. Train JAVIER LOZANO to respond appropriately to patient and caregiver concerns during transportation; and

   e. Train JAVIER LOZANO to provide immediate assistance and seek medical attention in the event of an emergency.

58. Defendant's failure to properly train JAVIER LOZANO created an unreasonable risk of harm to patients being transported.

59. As a direct and proximate result of Defendant's negligent training of JAVIER LOZANO, ANTONINA DITOMASSO suffered severe bodily injuries, including a right femur fracture requiring emergency surgery; pain and suffering; disability; disfigurement; mental anguish; emotional and psychological trauma; loss of capacity for the enjoyment of life; medical expenses; loss of her husband's companionship, protection and support; lost earning, and other damages. These losses are either permanent or continuing and ANTONINA DITOMASSO will suffer them in the future.

**WHEREFORE**, Plaintiff, **ANTONINA DITOMASSO, individually**, demands judgment against the Defendant for damages, including but not limited to, severe bodily injuries,

emergency surgery, pain and suffering, disability, disfigurement, mental anguish, emotional and psychological trauma, loss of capacity for the enjoyment of life, medical expenses, loss of her husband's companionship, protection and support, lost earning, and other damages, and any other relief this Honorable Court deems just and proper. Plaintiff hereby demands trial by jury on all claims so triable in this action.

## COUNT V
## NEGLIGENT SUPERVISION

60. Plaintiff re-alleges and incorporates by reference paragraphs 1-36 as if fully set forth herein.

61. Defendant had a duty to exercise reasonable care in the supervision of its employees, including JAVIER LOZANO.

62. Defendant breached this duty by failing to:

   a. Monitor the performance and conduct of JAVIER LOZANO;

   b. Ensure that JAVIER LOZANO was picking up patients on time;

   c. Implement and enforce adequate policies and procedures for the supervision of JAVIER LOZANO;

   d. Follow up with patients after transportation to ensure that no issues happened;

   e. Install dash cameras to monitor JAVIER LOZANO's driving; and

   f. Take corrective action when JAVIER LOZANO was late to pick up patients.

63. Had Defendant properly supervised JAVIER LOZANO, it would have corrected his dangerous behavior.

64. As a direct and proximate result of Defendant's negligent supervision of JAVIER LOZANO, ANTONINA DITOMASSO suffered severe bodily injuries, including a right femur fracture requiring emergency surgery; pain and suffering; disability; disfigurement; mental

anguish; emotional and psychological trauma; loss of capacity for the enjoyment of life; medical expenses; loss of her husband's companionship, protection and support; lost earning, and other damages. These losses are either permanent or continuing and ANTONINA DITOMASSO will suffer them in the future.

**WHEREFORE**, Plaintiff, **ANTONINA DITOMASSO, individually**, demands judgment against the Defendant for damages, including but not limited to, severe bodily injuries, emergency surgery, pain and suffering, disability, disfigurement, mental anguish, emotional and psychological trauma, loss of capacity for the enjoyment of life, medical expenses, loss of her husband's companionship, protection and support, lost earning, and other damages, and any other relief this Honorable Court deems just and proper. Plaintiff hereby demands trial by jury on all claims so triable in this action.

## COUNT VI
## NEGLIGENT ENTRUSTMENT

65. Plaintiff re-alleges and incorporates by reference paragraphs 1-36 as if fully set forth herein.

66. Defendant entrusted a vehicle to JAVIER LOZANO for the purpose of transporting elderly and vulnerable patients.

67. Defendant had a duty to exercise reasonable care in entrusting the transportation of the Department of Veterans Affairs' patients to competent and qualified employees.

68. Defendant breached this duty of care by entrusting the transportation of FELICE and ANTONINA DITOMASSO to JAVIER LOZANO, despite knowing or having reason to know that he was not qualified to safely transport patients.

69. Specifically, Defendant knew or should have known that prior to this subject incident, JAVIER LOZANO had received multiple citations for unlawful speed, including in 1998, 2019 and 2020.

70. These prior incidents involving JAVIER LOZANO's driving should have put Defendant on notice of his incompetence and unfitness to operate a vehicle for the transportation of elderly and vulnerable patients.

71. As a direct and proximate result of Defendant entrusting a vehicle to JAVIER LOZANO, ANTONINA DITOMASSO suffered severe bodily injuries, including a right femur fracture requiring emergency surgery; pain and suffering; disability; disfigurement; mental anguish; emotional and psychological trauma; loss of capacity for the enjoyment of life; medical expenses; loss of her husband's companionship, protection and support; lost earning, and other damages. These losses are either permanent or continuing and ANTONINA DITOMASSO will suffer them in the future.

**WHEREFORE**, Plaintiff, **ANTONINA DITOMASSO, individually**, demands judgment against the Defendant for damages, including but not limited to, severe bodily injuries, emergency surgery, pain and suffering, disability, disfigurement, mental anguish, emotional and psychological trauma, loss of capacity for the enjoyment of life, medical expenses, loss of her husband's companionship, protection and support, lost earning, and other damages, and any other relief this Honorable Court deems just and proper. Plaintiff hereby demands trial by jury on all claims so triable in this action.

## COUNT VII
## WRONGFUL DEATH

72. Plaintiff re-alleges and incorporates by reference paragraphs 1-36 as if fully set forth herein.

73. This is an action brought pursuant to Florida Statutes Sections 768.16-768.20, the Florida "Wrongful Death Act."

74. On June 20, 2022, FELICE DITOMASSO died due to the wrongful acts and negligence of Defendant, through its employee, JAVIER LOZANO.

75. FELICE DITOMASSO died as a result of the emotional trauma he suffered from witnessing ANTONINA DITOMASSO's injuries, which were caused by the negligent conduct of JAVIER LOZANO.

76. Specifically and pursuant to medical records from FELICE DITOMASSO's doctors, he fell into a deep depressive state following the May 24, 2022 incident and his condition deteriorated from that date until his death less than a month later.

77. Had FELICE DITOMASSO not died, he would have been entitled to maintain an action against the Defendant and recover damages for the emotional distress and other injuries he suffered as a result of the May 24, 2022 incident.

78. At the time of his death, FELICE DITOMASSO was married to ANTONINA DITOMASSO, and she is his "survivor."

79. ANTONINA DITOMASSO, as the surviving spouse of FELICE DITOMASSO, has suffered damages as a result of his wrongful death, including loss of his companionship, protection and support, services, mental pain and suffering, and lost net accumulations, within the meaning of the Florida "Wrongful Death Act."

80. The Estate of FELICE DITOMASSO has further suffered damages and incurred expenses related to medical, funeral, and other death related expenses as a result of his wrongful death.

WHEREFORE, Plaintiff, **ANTONINA DITOMASSO, as Personal Representative of the Estate of FELICE DITOMASSO**, demands judgment against the Defendant for damages as a result of the wrongful death of FELICE DITOMASSO, including but not limited to, loss of future support and services, loss of companionship, emotional distress, pain and suffering, medical and funeral expenses, the future value of the Estate, cost, interest and expenses of suit, and any other relief this Court deems just and proper. Plaintiff hereby demands trial by jury on all claims so triable in this action.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on August 29, 2025, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system.

**LINTON ROBINSON & HIGGINS, LLP**
633 N.E. 167th Street, Suite 1201
Miami, Florida 33162
TEL: (305)-614-0704

By: _____
ANNA A. HIGGINS, ESQ.
FBN 235740
ahiggins@litigationattys.com
clerkny@litigationattys.com
info@litigationattys.com
PAULA S. ARTACHO, ESQ.
FBN 1050717
partacho@litigationattys.com
clerk@litigationattys.com
clerk2@litigationattys.com